May 24, 2019

**Via Electronic Filing**

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth District
600 South Maestri Place, Suite 115
New Orleans, LA 70130

RE: *Joseph Thomas, et al., v. Phil Bryant, et al.*, No. 19-60133

Dear Clerk of Court:

Appellees file this supplemental letter brief to address the questions posed by this Court in its May 17, 2019 directive.

1.

Presumably, the two Appellants (the Governor and Secretary of State) will argue that there is a "case or controversy" because they have asked this Court to restore the original District 22 plan for the August 6 primary and the November 5 general election. (See response to Question 2 below.) The equities militate against this request, and so does the Supreme Court's decision in *Upham v. Seamon,* 456 U.S. 37 (1982), which held that even if the district court erred, it may be too disruptive to restore the original district this close to the election.

Typically, a legislative enactment intended as a remedy for a court finding of discrimination does not render the case moot. *See Miss. State Chapter of Operation PUSH v. Mabus,* 932 F.2d 400, 409 (5th Cir. 1991) (legislation enacted to cure voting rights violation did not moot the case). But unlike in *PUSH*, here there is no challenge to the legislature's remedial plan, and the only scheduled election in which it will be used is the 2019 election. Only eight precincts were moved between two districts in the legislature's remedial plan. This Court, through its Motions Panel, conducted a thorough review of the merits issues in the case and of the equities and denied the Defendants' stay motion as to liability, concluding that the pre-existing plan should not be used in the 2019 elections. These unique circumstances suggest that, unlike the typical voting rights case, this appeal is moot.

2.

The Motions Panel denied the Defendants' stay motion as to liability on March 15, 2019. The legislature adopted its remedial plan on March 27, 2019, and the lines of Districts 22 and 13 have been in place since then. The candidate qualifying period closed on April 12, 2019. Fourteen candidates qualified in party primaries in Districts 13 and 22 prior to that deadline. Restoring the old districts now and supplanting the decision of the Stay Panel would disrupt this process and raise a number of difficult questions, including whether candidates who qualified after the original March 1 deadline will be allowed to remain as candidates.

In *Upham v. Seamon,* the Supreme Court reversed a part of a district court's decision imposing a remedial plan because that part exceeded the district court's authority. However, the Supreme Court noted that the district court's plan was scheduled to be employed in an upcoming election. "Although the District Court erred, it does not necessarily follow that its plan should not serve as an interim plan governing the forthcoming congressional elections." 456 U.S. at 44. The Court added: "It is urged that because the District Court's plan is only an interim plan and is subject to replacement by the legislature in 1983, the injury to appellants, if any, will not be irreparable." *Id.* The Court remanded the case for the district court to determine whether the congressional election should go forward on the scheduled date under the district court's erroneous remedial plan or should be postponed so the original plan could be restored.

Here, no one is urging that the primary election in the two districts be postponed. It is being held on the same day as the statewide elections for state and local offices, and postponing it would require voters to go to the polls twice.

In *Upham,* the State of Texas apparently recognized that it would be too disruptive to revert to the original plan at that late date. Here, these Defendants seem to be urging that despite the late date, the original plan should be restored for the upcoming election. Nevertheless, the Supreme Court's decision in *Upham* makes it clear that even if this Panel believes the district court's liability decision perhaps should be reversed, "it does not necessarily follow" that the legislature's remedial plan "should not serve as . . . [the] plan governing the forthcoming . . . elections."

Given the unique circumstances of this case, with a June 17 deadline for the ballots to be placed in the system and with the election presently scheduled to be conducted under a remedial plan designed by the legislature that no one has

challenged; with fourteen candidates having qualified in Districts 13 and 22 by the April 12 deadline set by a Motions Panel of this Court after a review of the merits and the equities;[1] and with those candidates having now campaigned for many weeks pursuant to the legislature's remedial plan, that plan should govern the upcoming election. Because the legislature's remedial plan will be used only once in the 2019 election and will be displaced after the 2020 Census, the language from *Upham* is particularly appropriate here: "It is urged that because the plan . . . is subject to replacement by the legislature, the injury to appellants, if any, will not be irreparable." *Id.*

These Defendants moved for a stay from this Court pursuant to the Federal Rules of Appellate Procedure and this Court's rules, and that stay was denied in a very thorough Opinion. Even if this Panel arrives at a potentially different evaluation of the merits regarding liability than did the Motions Panel, the particular circumstances of this case suggest that it will be extremely difficult for this Court to effectively give Defendants the relief they seek with respect to the upcoming election. As for Plaintiffs, they are not appealing the district court's liability decision or challenging the legislature's remedial plan. Thus, they seek no relief from this Court. Of course, if the Court reaches the merits, Plaintiffs ask that the district court's liability decision be affirmed.

3.

Because it has been supplanted by legislative action, the district court's order adopting a remedial plan is not in effect. Indeed, even after the district court adopted its own plan in the wake of being informed that the legislature would not take action unless and until the stay motions were denied, the district court recognized and emphasized that the legislature "still [has] every right to seek to implement a remedy" and "this Court . . . has put itself in the second position to the legislature." ROA.1044; ROA.1056. The legislature has always had an opportunity to act and once it did so, everyone recognized that the district court's plan was supplanted.[2]

---

[1] The list of candidates can be found at http://www.sos.ms.gov/Elections-Voting/Documents/QualifyingForms/2019%20Candidate%20Qualifying%20List.pdf. Seven have qualified in the party primaries in District 13 and seven in District 22. Originally, a total of eight qualified in District 22 but one has since withdrawn.

[2] The legislature's passage of the remedial plan, which supplanted the district court's remedial order, does not require the "extraordinary" remedy of vacatur with respect to the merits. *Staley v. Harris Cty., Tex.,* 485 F.3d 305, 310 (5th Cir. 2007) (en banc), *quoting U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25–26 (1994). *See also Hall v.*

It appears that the exception to the mootness doctrine for claims that are "capable of repetition, yet evading review" applies only to claims by plaintiffs. (At least, Plaintiffs have not found a case where the exception applied to anything but affirmative claims.) But even if it applies more broadly, this case does not fit within the exception. Given that the 2020 Census data will require a new redistricting plan, the facts underlying Plaintiffs' claim and the district court's decision will be changed just as the plan itself will be changed. As this Court stated in its May 17 Order requesting supplemental briefing, "the ruling by the district court [was] issued in a discrete case, decided on its particular facts." Given that claims under Section 2 of the Voting Rights Act are heavily dependent on the particular facts underlying each case, the contours of this case are not "capable of repetition." Moreover, whatever plan is adopted by the legislature in the future will be subject to challenge which may then be fully litigated, and therefore will not necessarily evade review.

Respectfully submitted,

*/s/ Jon M. Greenbaum*
Jon M. Greenbaum

Cc: counsel of record via CM/ECF.

---

*Louisiana*, 884 F.3d 546, 551 (5th Cir. 2018) (vacatur not appropriate in Voting Rights Act challenge after plaintiffs lost in the district court and case was mooted subsequently through legislative action).

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and that I have served the District Court by email as follows:

> District Judge Carlton Reeves
> United Stated District Court
> Southern District of Mississippi, Northern Division
> 501 East Court Street, Ste. 5.500
> Jackson, MS 39201
> Reeves_chambers@mssd.uscourts.gov

I have also served all counsel of record by email:

Benjamin McRae Watson ben.watson@butlersnow.com
Brian Parker Berry parker.berry@butlersnow.com
Charles E. Cowan cec@wisecarter.com
Charles E. Griffin charles.griffin@butlersnow.com
Douglas T. Miracle dmira@ago.state.ms.us
Michael B. Wallace mkp@wisecarter.com
Tommie S. Cardin tommie.cardin@butlersnow.com
Russell T. Nobile trn@wisecarter.com

                                        *s/ Jon M. Greenbaum*
                                          May 24, 2019