BUTLER|SNOW

January 17, 2020

Hon. Lyle W. Cayce
Clerk of the Fifth Circuit Court of Appeals

    Re: *Joseph Thomas, et al. v. Tate Reeves, et al.*, No. 19-60133 –
    Supplemental Letter Brief

Dear Mr. Cayce:

Pursuant to the Oral Argument Panel request of January 15, 2020, Governor Tate Reeves and Secretary of State Michael Watson submit the following response:

This appeal is not moot due to the Mississippi Legislature's plain directive set forth in its Joint Resolution 202 ("J.R. 202"), ROA.608—636, redrawing Senate Districts 22 ("SD22) and 13 ("SD13"), coupled with the Mississippi constitutional and statutory framework providing the procedure for addressing legislative vacancies. This Court has previously refused to find an appeal moot when there has been a subsequent legislative enactment in response to a district court order. *See*, *e.g., Veasey v. Abbott,* 888 F.3d 792, 799 (5th Cir. 2018); *Miss. State Chapter, Operation Push v. Mabus,* 932 F.2d 400, 409 (5th Cir. 1991).[1] Further, the disposition of the declaratory judgment will clearly have "a continuing

---

[1] Relying on those cases, the merits panel held that the district court's injunction was no longer in effect and that this case was not moot as to the declaratory judgment. *Thomas v. Bryant*, 938 F.3d 134, 144 (5th Cir. 2019), *vacated*, 939 F.3d 629 (5th Cir. 2019) (mem.). While the entire panel decision has been vacated, defendants-appellants agree with the merits panel on these issues.

Post Office Box 6010
Ridgeland, MS 39158-6010

**TOMMIE S. CARDIN**
601.985.4570
Tommie.Cardin@butlersnow.com

Suite 1400
1020 Highland Colony Park
Ridgeland, Mississippi 39157

T 601.948.5711 • F 601.985.4500 • www.butlersnow.com
BUTLER SNOW LLP

impact on future action" by State officers relating to this and future redistrictings. *See Larbie v. Larbie*, 690 F.3d 295, 305 (5th Cir. 2012).

1. <u>Success on this appeal will change Mississippi law.</u>

J.R. 202 makes clear that the legislature only altered the boundaries of SD22 under protest to avoid the implementation of the district court's wholesale and hasty adoption of plaintiffs' remedial plan:

> BE IT FURTHER RESOLVED, That this resolution shall take effect and be in force from and after its passage; however, in the event that the appellants prevail in the appeal of the case of Joseph Thomas, et al. v. Phil Bryant, et al., No. 19-60133 (5th Cir. Mar. 15, 2019), this resolution *shall be repealed and the districts as originally configured in Chapter 2234, Laws of 2012, shall take effect*.

ROA.635-36 (emphasis added). The legislature altered the boundaries of SD22 only after both the district court and the motions panel denied a full stay pending appeal. There remains a "live" controversy as the Court's reversal of the district court's decision would automatically revert SD22 and SD13 to their original, precleared boundaries from 2012—fully realizing the legislature's intent.

2. <u>Absent the declaratory judgment, the Senate may take action under the Mississippi Constitution.</u>

Once the districts revert to their original boundaries pursuant to J.R. 202, then the Mississippi Constitution and applicable statutes provide the roadmap for a remedy. Article 4, § 42 of the Mississippi Constitution sets forth the qualifications for a member of the Senate and provides, in pertinent part, that "the seat of a

Senator *shall be vacated upon his removal from the district from which he was elected.*" (emphasis added). Article 4, § 38 provides that "[e]ach house shall elect its own officers, and *shall judge of the qualifications, return and election of its own members.*" (emphasis added). Consistent with constitutional mandates, the Mississippi Supreme Court has held that § 38 vests consideration of a Senate candidate's qualifications for office in the Senate itself. *Foster v. Harden,* 536 So. 2d 905, 907 (Miss. 1988).

Upon reversal and pursuant to J.R. 202, the boundaries under which the members from SD22 and SD13 were recently elected will no longer exist. These members will reside in districts different from those in which they were elected. The Senate then has a constitutional duty to judge the election of its own members and determine whether the existing members may properly represent the restored districts.

Should the Senate declare that these members are no longer qualified to serve, the Senate shall declare the seats from SD22 and SD13 vacant. Once the Senate declares vacancies, the Mississippi Constitution provides:

> The Governor shall issue writs of election to fill such vacancies as may occur in either house of the legislature, and the persons thereupon chosen shall hold their seats for the unexpired term.

Miss. Const. Art. 4, § 77. The special election process is described by Miss. Code Ann. §§ 23-25-851 and 23-25-959.

In summary, upon reversal, the Mississippi Senate may choose to carry out J.R. 202's directive, judge the qualifications of its members, and vacate the seats of those unqualified members not residing in their elected districts, allowing the Governor to set special elections to fill such vacancies. Given this remedy, this appeal is not moot.

3. <u>Elimination of the declaratory judgment will free Mississippi to act</u>.

Plaintiffs-Appellees note that no regular election is scheduled until 2023, and they rely on cases where federal courts have refused to order special elections. *En Banc* Br. of Appellees at 18. Appellants do not want the district court to order a special election; they simply want the declaratory judgment to be removed and the case dismissed, so that no federal order will impede Mississippi officials from acting under Mississippi law. Appellees assert that "[t]here is no longer any effectual relief available to a prevailing party on this appeal," *En Banc* Br. of Appellees at 16, but, once the declaratory judgment has disappeared, that will become a matter of Mississippi law for resolution by Mississippi authorities.

Indeed, this Court's refusal to consider this appeal, as appellees wish, would lead to exactly the same result.² Should this Court dismiss the appeal as moot, it

---

² "[V]acatur must be decreed for those judgments whose review is, in the words of [*United States v.*] *Munsingwear,* [*Inc.,* 340 U.S. 36, 40 (1950),] '"prevented through happenstance"' -- that is to say where a controversy presented for review has 'become moot due to circumstances unattributable to any of the parties.'" *U.S.*

would be obliged to vacate the judgment below, freeing Mississippi officials to take whatever action may be permitted by J.R. 202 and applicable Mississippi law.

4. <u>The laches issue is capable of repetition, yet evading review</u>.

Even if Mississippi law were unable to remedy the injury caused by the district court, this Court should adhere to its liberal policy of reviewing issues which may arise in future elections. *Moore v. Hosemann*, 591 F.3d 741, 744-45 (5th Cir. 2009). Although the supposed cause of action accrued in 2012, plaintiffs did not seek review of the merits of this redistricting until after the adjournment of the last legislative session before qualifying opened. This Court did not have time to review the laches defense before the passing of crucial deadlines. That issue can arise from inexcusable delay in filing suit before any election for any office, and this Court should address it now. A single judge has jurisdiction to rule on an equitable defense, thus permitting review in this Court. *Simkins v. Gressette*, 631 F.2d 287, 295-96 (4th Cir. 1980).

Sincerely,
*s/ Tommie S. Cardin*
TOMMIE S. CARDIN (MSB #5863)

cc: All Counsel of Record
51263686.v1

---

*Bancorp Mtg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 23 (1994) (quoting *Karcher v. May*, 484 U.S. 72, 82-83 (1987).