January 20, 2020

Hon. Lyle W. Cayce
Clerk of the Fifth Circuit Court of Appeals

  Re: *Joseph Thomas et al. v. Tate Reeves, et al., No. 19-60133*
     Supplemental Letter Brief

Dear Mr. Cayce:

Plaintiffs respectfully submit this reply to Defendants' letter brief of January 17, 2020. Plaintiffs demonstrated in their opening brief that this case is moot because the only election under the plan at issue has passed. Defendants' response is based on (1) a fundamental misconception of the basis for mootness and (2) a complete misreading of the Mississippi Constitution. The mootness of this case is caused, not by the passage of Joint Resolution 202 ("J.R. 202") alone, but also because: (1) the only election in the districts drawn by J.R. 202 has occurred and (2) art. 13, § 254 of the Mississippi Constitution prohibits the legislature from holding an election under different district lines prior to the next regularly scheduled election.

  1. <u>A Decision on This Appeal Will Have No Effect on Any Election.</u>

Defendants first argue that this case is like those where legislative enactments in response to a district court order did not moot the case. But, "[o]rdinarily, a lawsuit challenging a statute would become moot by the legislature's enactment of a superseding law." *Veasey v. Abbott*, 888 F.3d 792, 799 (5th Cir. 2018). The reason *Veasey* and *Mississippi State Chapter, Operation Push, Inc. v. Mabus*, 932 F.2d 400,

1

409 (5th Cir. 1991), did not present "archetypal" cases of mootness was that the Court was analyzing "the effectiveness" of the remedial legislation "as a proposed remedy" in both cases. *Veasey*, 888 F.3d at 799; *Mabus*, 932 F.2d at 404. Here, there is no dispute between the parties as to the effectiveness of J.R. 202 as a remedy.

Nor would the judgment below have an impact on future action. In *Veasey* and *Mabus*, the laws in question would affect future elections indefinitely (in *Veasey*, voter ID; in *Mabus*, registration procedures). The remedial legislation here has fulfilled its purpose: the only election to be held pursuant to the lines drawn by J.R. 202 has come and gone. It is no longer possible to "undo the effects of compliance." *Larbie v. Larbie*, 690 F.3d 295, 305 (5th Cir. 2012) (child custody case not moot because still possible for parties to avail themselves of enforcement of judgment).[1]

  2. <u>The Mississippi Constitution Prohibits the Holding of a Special Election Using the 2012 Plan in Districts 22 and 13.</u>

Defendants argue that their success on this appeal could result in automatic reapportionment, reverting the districts' lines to those predating J.R. 202 and allowing for a special election in District 22 and District 13 if the legislature declares the Senators from those districts not "qualified," because "the members [would then]

---

[1] Although the vacated decision of the merits panel held that the passage of J.R. 202 in itself did not moot this case, *Thomas v. Bryant*, 938 F.3d 134, 144 (5th Cir. 2019), *vacated*, 939 F.3d 629 (5th Cir. 2019) (mem.), that decision was issued when a valid election could still have been held under the old lines had the district court's decision been reversed. That is no longer true.

reside in districts different from those in which they were elected." Defs.' Br. at 2–3. But whether J.R. 202 would automatically reapportion the districts is irrelevant to mootness, because the Mississippi Constitution provides that, without exception, "[e]ach apportionment shall be effective for the next regularly scheduled elections of members of the Legislature." Miss. Const. art. 13, § 254. The next regularly scheduled election is in 2023 and will be held in districts drawn with the new post-Census lines. Thus, any interim reversion to the prior lines will have no impact.

Defendants absurdly characterize the issue as one of "qualifications" rather than apportionment. Reapportionment does not result in a member's "removal from the district" within the common sense meaning of art. 4, § 38 of the Mississippi Constitution, which is clearly connected to the residency qualification of art. 4, § 42.[2] Under Defendants' theory, the legislature could get rid of any members at any time for any reason, without judicial recourse by the ousted members, simply by voting to reapportion their districts, a result directly contrary to § 254. In the history of legislative redistricting in Mississippi—including court-ordered plans and mid-decade plans drawn by the legislature to correct constitutional infirmities—neither house has ever declared a seat vacant because the district lines have been altered.[3] It

---

[2] Even if the district lines reverted to the prior plan, only eight precincts would change and both of the Senators elected in 2019 would continue to reside in their districts, thus not resulting in "removal" even under Defendants' nonsensical theory.
[3] In recent redistricting litigation, the defendants expressly relied on the plain language of art. 13, § 254 in successful support of their position that a new

would be ironic indeed—and unconstitutional—were the Mississippi legislature to attempt to oust two African-American senators early in their terms on such a dubious reading of its powers.

3. <u>Even If the Judgment Were Vacated, Mississippi Could Not Hold an Election Under the Prior District Lines.</u>

Defendants argue that the "same result"—the holding of a special election under the old lines—could occur if this Court declares the appeal moot but vacates the judgment below. Defs.' Br. at 4. As demonstrated above, that "same result" is prohibited by Mississippi Constitution. Moreover, the judgment below should not be vacated. Defendants bear the burden of proving an "equitable entitlement to the extraordinary remedy of vacatur." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994). In *Hall v. Louisiana*, 884 F.3d 546 (5th Cir. 2018), this Court declined to vacate a judgment against a plaintiff in a § 2 vote-dilution suit after the case was rendered moot by legislative enactment, because the plaintiff was not "forced to acquiesce in the judgment." *Id.* at 553. Here, there is nothing more that Defendants must do to comply with the judgment below.

Even were the judgment vacated, attempting to oust incumbents by calling an unconstitutional special election would violate Art. 13, § 254 of the Mississippi

---

apportionment cannot be effective before the next regularly scheduled election. Brief for Appellees at 4, *Miss. State Conference of N.A.A.C.P. v. Bryant*, 569 U.S. 991 (2013) (No. 05-1631).

4

Constitution. That the Defendants misguidedly believe the legislature has the right to travel this ill-conceived path has no bearing on this Court's jurisdiction.

4. This Case Does Not Fall Within the "Likely to Recur" Exception to Mootness.

Defendants argue finally that this Court should at least keep alive the laches issue, even if the rest of the case is moot, because it is an issue that is capable of repetition, yet evading review. *Moore v. Hosemann*, 591 F.3d 741 (5th Cir. 2009), the primary case upon which Defendants rely, spells out two requirements for this exception: "'(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *Id.* at 744–45 (quoting *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007)). Defendants have not shown that Plaintiffs or anybody else are likely to bring a vote dilution challenge involving Senate District 22 prior to the next redistricting, let alone that any such case would necessarily raise issues of laches, so there is no "reasonable expectation" that the same issue will recur.[4]

---

[4] Although a vacancy in District 22 before the next redistricting would necessitate a special election, that speculative possibility does not constitute the "reasonable expectation" required for the exception to apply. *See Hall v. Secretary, Ala.*, 902 F.3d 1294, 1298 (11th Cir. 2018); *Rivera v. Hamilton*, 393 F. Supp. 120, 123-24 (D. Del. 1975) (both rejecting argument that possibility of special election saved cases from being declared moot). Moreover, the special election would employ the same district lines used in November 2019 pursuant to art. 13, § 254.

Sincerely,

*s/ Jon M. Greenbaum*
Jon M. Greenbaum
Counsel for Appellees

Cc: All Counsel of Record